FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JUN -5 PM 4: 05

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARK M. ROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 312-041 |
| | ) | |
| WALT WELLS, Warden CI McRae, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate formerly incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia,[1] has filed a petition under 28 U.S.C. § 2241 contesting his confinement pursuant to an immigration detainer following the completion of his sentence for a criminal drug conviction. (Doc. no. 1.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT**.[2]

### I. BACKGROUND

As an initial matter, the Court notes that this is Petitioner's second petition brought pursuant to § 2241 regarding the manner by which he was to be held following the completion of his sentence. See Ross v. Wells, CV 312-025, doc. no. 1 (S.D. Ga. Mar. 26, 2012)

---

[1] The instant petition was filed by the Clerk of Court on May 4, 2012 (see doc. no. 1), the same date as Petitioner's statutory release date, and just days before Petitioner was listed as "released" from the custody of the Bureau of Prisons ("BOP") on May 8, 2012. See Federal Bureau of Prisons website, http://www.bop.gov./iloc2/LocateInmate.jsp.

[2] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

(hereinafter "CV 312-025"). The Court recommended that Petitioner's prior petition be dismissed without prejudice based on his failure to exhaust his administrative remedies. Id., doc. no. 4, *adopted as opinion of District Court*, doc. no. 8.[3] Although Petitioner has still not exhausted his administrative remedies, the instant petition is moot because Petitioner is apparently no longer in BOP custody. The Court briefly recounts Petitioner's relevant history and arguments, drawing liberally from the Court's prior Report and Recommendation.

On November 15, 2005, Petitioner pleaded guilty to one count of possession with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in the Middle District of Florida. United States v. Ross, CV 894-220, doc. no. 2931 (M.D. Fla. Nov. 22, 2005) (hereinafter CR 894-220). On February 17, 2006, Petitioner was sentenced to 120 months of imprisonment. Id., doc. nos. 2939, 2975. Petitioner was subject to a removal order issued on September 3, 2008, and faced imminent removal from the United States to the United Kingdom upon the completion of his criminal sentence, which he was projected to satisfy on May 4, 2012; Petitioner was also subject to an immigration detainer following his projected release date. (Doc. no. 1, pp. 1-2 & Apps. A, B.)

Unlike in his prior petition, Petitioner now acknowledges that he is subject to the immigration detainer and thus, upon the completion of his sentence, was to be transferred to the custody of Immigration and Customs Enforcement ("ICE") in lieu of being released. (Id. at 2.) Although Petitioner asserts that he "is aware of, and understands, that he may be subject to [a] brief administrative detention" by ICE, he continues to assert that the Corrections Corporation of America ("CCA"), which operates MCF, is without authority to detain him

---

[3]Petitioner did not appeal the District Court's denial of his prior petition.

2

beyond his statutory release date, as its contract with the BOP to house him must necessarily expire the moment he is no longer in BOP custody. (Id. at 2, 7-9.) He concludes by asserting, "There is nothing keeping [ICE] from putting [P]etitioner on the first plane out of Atlanta to the United Kingdom on May 5, 2012." (Id. at 9.) Petitioner requests that he either be transferred immediately to ICE custody on May 4, 2012, or that he be released "on his own recognizance."[4] (Id.)

## II.    DISCUSSION

Because Petitioner has been released from the BOP's custody and is no longer housed at MCF pending his deportation to the United Kingdom, the instant habeas action is moot. A petitioner's release subsequent to filing a habeas action renders the petition moot because the petition no longer presents a case or controversy, as required under Article III, § 2, of the Constitution, unless there is a showing of "collateral consequences." See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (requiring showing of collateral consequences of parole revocation to maintain suit for wrongful termination of parole status after "reincarceration that [the petitioner] incurred as a result of that action" was "over and [could not] be undone"). In cases challenging the actual underlying conviction, collateral consequences are presumed for the obvious reason that it is a "fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12. The same cannot be said of actions which do not challenge the conviction, such as challenges directed at parole revocation or, as in the instant

---

[4]Previously, Petitioner requested that Respondent be ordered "to refrain from detaining inmates past their statutory release dates" or refrain from placing inmates in administrative detention following their statutory release dates. See CV 312-025, doc. no. 1, pp. 12-13. He further sought an order that he be released on his projected statutory release date of May 4, 2012. Id.

case, the manner by which Petitioner was to be held following the completion of his sentence. Id.

It is true that in the context of aliens' petitions under 28 U.S.C. § 2241, a petition may not be moot where a collateral consequence of the removal order remains. See Watkins v. Haynes, 445 F. App'x 181, 183 (11th Cir. 2011) (*per curiam*). Nevertheless, to continue with a habeas action after release, a petitioner must show the existence of a collateral consequence that amounts to a continuing injury-in-fact. Spencer, 523 U.S. at 14. Here, Petitioner's sole complaint is of the manner by which he was to be held following the completion of his criminal sentence. (Doc. no. 1, p. 9.) As Petitioner presents no injury which exists subsequent to his release or which can be remedied in a § 2241 proceeding, the instant petition should therefore be found moot.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** as **MOOT**.

SO REPORTED and RECOMMENDED this 5th day of June, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4